FILED
2017 JUN 23 AM 11:48
US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISON

CASE NO.: 6:17-cv-1161-Orl-31KRS

COLLECTIVE ACTION

CHRISTIAL GEFFRARD, individually
and on behalf of all those similarly
situated,

        Plaintiffs,

vs.

FUSION LOGISTICS, INC.,

        Defendant.
_____/

## PLAINTIFF'S COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, CHRISTIAL GEFFRARD, ("Mr. Geffrard" or "Class Representative"), individually and as Class Representative on behalf of all other similarly situated employees, by and through his undersigned counsel, hereby files this Representative Action against FUSION LOGISTICS, INC., ("Fusion"), and state as follows:

### I. INTRODUCTION

1. This is a Representative Action brought pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA"), for failure to pay overtime wages pursuant to 29 U.S.C. § 207.

2. This lawsuit is not dealing with mere chattels or articles of trade but with the rights of those who toil, of those who sacrifice a full measure of their freedom and talents to the use and profit of others, in this case-Fusion. Those are the rights that Congress has specially legislated to protect in the Fair Labor Standards Act.

1

3. The FLSA prevents the exploitation of a class of workers who are in an unequal position with respect to bargaining power and are thus relatively defenseless against the denial of a living wage is not only detrimental to their health and wellbeing but casts a direct burden for their support upon the community. What these workers lose in wages the taxpayers are called upon to pay. *West Coast Hotel Co. v. Parrish*, 300 U.S. 379, 399 (1937)(Hughes, C.J).

4. Because of such unequal bargaining power, the Class Representative, Mr. Geffrard, brings this action on behalf of himself as well as other similarly situated employees who were employed by Fusion as "delivery drivers" and paid a day rate. (hereinafter referred to as "Delivery Driver[s].").

5. The Class Representative will seek conditional certification and notice to an opt-in class of "Delivery Drivers" who are or were employed by Fusion in Florida during the three years preceding the filing of the Complaint; were paid a "day rate;" were not properly paid overtime wages in violation of the Fair Labor Standards Act.

## II. JURISDICTION AND VENUE

6. This Court has jurisdiction to hear this Complaint pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201.

7. Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in Orange County, Florida in the Orlando Division of the Middle District of Florida.

## III. THE PARTIES

8. Fusion provides Nationwide End-to-End Logistic Solutions, Local Dedicated Delivery and an array of Management Services to its customers in the small package, final mile

delivery space. (*See* http://soultionsbyfusion.com/about-fusion).

9. Fusion's customers include Amazon, ebay, and other online retailers.

10. Fusion has locations in Alabama, Arizona, California, Colorado, Connecticut, District of Columbia, Delaware, Florida, Georgia, Hawaii, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maryland, Maine, Michigan, Minnesota, Missouri, North Carolina, New Hampshire, New Jersey, Nebraska, New Mexico, Nevada, New York, North Dakota, Ohio, Oregon, Pennsylvania, Rhode Island, South Carolina, South Dakota, Tennessee, Texas, Utah, Virginia, Vermont, Wisconsin, and West Virginal. (*See* http://soultionsbyfusion.com/fusion-location-list).

11. Fusion's Florida locations are Davenport, Ft. Lauderdale, Jacksonville, Miami, Ocala, Orlando, Panama City, Pensacola, Tallahassee, Tampa, and West Palm Beach.

12. The Class Representative, Mr. Geffrard, was employed with Fusion as a Delivery Driver at Fusion's Orlando, Florida location.

### IV. FACTUAL ALLEGATIONS

13. The Class Representative, Mr. Geffrard, was employed with Fusion as a Delivery Driver at its Orlando, Florida facility from approximately March 3, 2017 until April 15, 2017.

14. As a Delivery Driver, Mr. Geffrard, and all similarly situated Deliver Driver's job duties were to deliver packages for Fusion's customers.

15. As a Delivery Driver, Mr. Geffrard and all similarly situated Deliver Drivers were paid an agreed upon "day rate."

16. Upon information and belief, Fusion employed hundreds of similarly situated

3

Delivery Drivers throughout its eleven (11) Florida locations to service its clients.

17. Fusion provided Mr. Geffrard and other similarly situated Delivery Drivers with a vehicle to perform their delivery driver duties.

18. The vehicle that Fusion provided Mr. Geffrard and other similarly situated Deliver Drivers had a gross vehicle weight rating and a gross weight of less than 10,001 pounds.

19. The vehicle that Fusion provided Mr. Geffrard and other similarly situated Deliver Drivers did not have any seats for passengers.

20. The vehicle that Fusion provided Mr. Geffrard and other similarly situated Deliver Drivers were not designed or used to transport more than eight passengers, including the driver, for compensation.

21. The vehicle that Fusion provided Mr. Geffrard and other similarly situated Deliver Drivers were not designed or used to transport more than fifteen passengers, including the driver, for compensation.

22. The vehicle that Fusion provided Mr. Geffrard and other similarly situated Deliver Drivers were not used in transporting hazardous material, requiring placarding under the regulations prescribed by the Secretary of Transportation.

23. At all times relevant to their employment, Mr. Geffrard and all other similarly situated Delivery Drivers, regularly used the instrumentalities of interstate commerce while performing their work. At all times relevant to their employment, Mr. Geffrard and all other similarly situated Delivery Drivers, also regularly used the channels of commerce while performing their work.

24. Fusion is an "employer" as defined by 29 U.S.C. § 203(d).

25. Fusion has employees subject to the provisions of the FLSA, 29 U.S.C. § 207, in the facility where the Class Representative, Mr. Geffrard and all other similarly situated Deliver Drivers were employed.

26. Fusion has employed two or more persons, including the Class Representative, "engaged in commerce or in the production of goods for commerce," or has "had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by a person," as defined by 29 U.S.C. § 203(s)(1)(A)(i).

27. Class Representative, Mr. Geffrard, avers that at all times relevant to the violations of the Fair Labor Standards Act Defendant, Fusion, was an enterprise whose annual gross volume of sales made or business done was not less than $500,000, in accordance with 29 U.S.C. § 203(s)(1)(A)(ii).

28. Fusion's Deliver Drivers would routinely work between four (4) to five (5) days per week, and sometimes six (6) days per week.

29. Fusion Delivery Drivers would routinely work ten (10) to fifteen (15) hours in a day.

30. Class Representative, Mr. Geffrard, worked between four (4) to six (6) days per week while employed as a Deliver Driver for Fusion.

31. Class Representative, Mr. Geffrard, routinely worked in excess of ten (10) hours a day.

32. Class Representative, Mr. Geffrard, and all other similarly situated Deliver Drivers were paid an agreed upon "day rate."

33. Class Representative, Mr. Geffrard, and all other similarly situated Deliver Drivers, worked more than forty hours in many workweeks and only received their agreed upon "day rate."

34. In fact, there were many weeks that Class Representative, Mr. Geffrard, and all other similarly situated Deliver Drivers, did not even receive the "day rate" as agreed.

35. Class Representative, Mr. Geffrard, and all other similarly situated Deliver Drivers, worked overtime in numerous workweeks and did not receive proper overtime pay.

36. Fusion had knowledge that Class Representative, as well as other similarly situated Delivery Drivers, were working overtime without proper compensation.

37. Fusion failed to make a good faith effort to determine if the Class Representative and similarly situated Delivery Drivers, were being compensated appropriately pursuant to the FLSA.

38. Fusion has also failed to maintain and keep accurate time records as required by the Fair Labor Standards Act. *See e.g.* 29 U.S.C. §§ 211(c); 215(a); 29 C.F.R. § 516, *et. al.*

39. Fusion also failed to post the required notice pursuant to the Fair Labor Standards Act.

40. Class Representative, Mr. Geffrard, has retained LaBar & Adams, P.A. as Class Counsel to represent himself and the Class and has agreed to pay said firm a reasonable attorney's fee for its services.

### V. COLLECTIVE ACTION ALLEGATIONS

41. Class Representative, Mr. Geffrard, brings this action on behalf of himself as well as other similarly situated employees who were employed by Fusion as a "Delivery Driver" in Florida and paid a day rate.

42. Specifically, Class Representative, Mr. Geffrard, brings the class' claim under the Fair Labor Standards Act as a collective action, and will request the Court to grant conditional class certification under 29 U.S.C. § 216(b).

43. Class Representative, Mr. Geffrard, will seek class certification of all employees of Fusion who: (1) were employed as "Delivery Drivers" in Florida during the preceding three (3) years; (2) were paid a "day rate;" and (3) worked more than forty hours in a workweek without being paid proper overtime compensation.

44. Class Representative, Mr. Geffrard, and the similarly situated Delivery Drivers had similar job duties, were paid the same and were subjected to the same illegal policies and practices.

45. Fusion's unlawful compensation practices are in willful disregard of the rights of the Class Representative, Mr. Geffrard, and the similarly situated Delivery Drivers.

46. Fusion's labor conditions are detrimental to the health, efficiency, and the general well-being of our community and is in violation of the Fair Labor Standards Act.

## COUNT I
## CLASS REPRESNTATIVE'S COLLECTIVE ACTION
## FOR VIOLATION OF THE OVERTIME PROVISION OF THE
## FAIR LABOR STANDARDS ACT

47. Class Representative re-alleges and incorporates herein the allegations contained in paragraphs 6 through 45, above.

48. Throughout the employment of the Class Representative and all other similarly situated Delivery Drivers, the Defendant, Fusion, repeatedly and willfully violated Section 7 and Section 15 of the Fair Labor Standards Act by failing to compensate the Class Representative and all other similarly situated Delivery Drivers, at a rate not less than one and one-half times the regular rate at which they were employed for workweeks longer than forty (40) hours.

49. Specifically, Class Representative and all other similarly-situated Delivery Drivers, worked numerous weeks throughout their employment in excess of forty (40) hours a week, yet

were not compensated for all hours worked in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which they were employed.

50. Fusion failed to maintain and keep accurate time records as required by the Fair Labor Standards Act. *See e.g.* 29 U.S.C. §§ 211(c); 215(a); 29 C.F.R. § 516, *et. al.*

51. Fusion failed to post the required notice pursuant to the Fair Labor Standards Act.

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a) Unpaid overtime wages found to be due and owing;

(b) An additional equal amount equal to the unpaid overtime wages found to be due and owing as liquidated damages;

(c) Prejudgment interest in the event liquidated damages are not awarded;

(d) A reasonable attorney's fee and costs; and,

(e) Such other relief as the Court deems just and equitable.

### JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues contained herein this Complaint.

Dated: 6/22/17

Respectfully submitted,

SCOTT C. ADAMS, ESQ.
Florida Bar No.: 0573442
Email: sadams@labaradams.com
N. RYAN LABAR, ESQ.
Florida Bar No.: 0010535
Email: rlabar@labaradams.com
LABAR & ADAMS, P.A.
2300 East Concord Street
Orlando, Florida 32803
(407) 835-8968 (phone)
(407) 835-8969 (facsimile)