UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:17-cv-1161-ORL-31KRS

CHRISTIAL GEFFRARD, individually
and on behalf of all those similarly
situated,

        Plaintiffs,

vs.

FUSION LOGISTICS, INC.,

        Defendant.
_____/

**PARTIES' JOINT MOTION FOR APPROVAL OF SETTLEMENT
AND REQUEST FOR DISMISSAL OF THE ACTION WITH PREJUDICE**

Plaintiff, CHRISTIAL GEFFRARD ("Mr. Geffard"), Opt-In Plaintiff, RODLEY MOISE ("Mr. Mosie"), Opt-In Plaintiff AHTONY ELIEZER FARINACCI RAMOS ("Mr. Ramos"), (collectively "Plaintiffs") and Defendant, FUSION LOGISTICS, INC., ("Fusion" or "Defendant"), by and through their undersigned attorneys, hereby file their Joint Motion for Approval of Settlement[1] of the above captioned case. Plaintiffs and Defendant may hereinafter be collectively referred to as the "Parties." In support thereof, the attorneys for the Parties state as follows:

---

[1] The Parties' Joint Motion for Approval of Settlement is being submitted in compliance with this Honorable Court's holding in *Bonetti v. Embarq Management Company*, 715 F. Supp. 2d 1222 (M.D. Fla. 2009) (providing for expedited FLSA settlement approval).

### I.  **Pertinent Facts**

1)  On June 23, 2017, Mr. Geffrard filed a Collective Action Complaint alleging violations of the overtime provision of the Fair Labor Standards Act. ("FLSA"). (Doc. 1).

2)  On July 17, 2017, Mr. Geffrard and Mr. Moise filed their Consent to be a Class Member pursuant to 29 U.S.C. § 216(b). (Docs. 8 & 9)

3)  On July 18, 2017, the Court entered its standard FLSA Scheduling Order. (Doc. 11).

4)  On July 31, 2017, Fusion filed its Answer, Affirmative Defenses, and Demand for Jury Trial. (Doc. 13). The Defendant raised twelve (12) separate defenses and a reservation of rights paragraph. *Id*.

5)  Mr. Geffard sent Fusion a seven (7) page correspondence outlining his position on the defects in Fusion's Answer, Affirmative Defenses, and Demand for Jury Trial.

6)  Prior to August, 8, 2017, the Parties exchanged the documents in their possession custody or control that pertained to Plaintiffs' claims for unpaid wages in compliance with the Court's Scheduling Order.

7)  On August 11, 2017, Mr. Ramos filed his Consent to be a Class Member pursuant to 29 U.S.C. § 216(b). (Doc. 15).

8)  On August 15, 2017, Mr. Geffard filed his Motion to Strike directed to Fusion's Answer, Affirmative Defenses, and Demand for Jury Trial. (Doc. 16).

9) On August 25, 2017, Mr. Geffard filed his Motion for Conditional Certification with Incorporated Memorandum of Law requesting the Court to conditionally certify the class and permit Mr. Geffrard to provide notice to class members. (Doc. 17)

10) On August 29, 2017, Fusion filed its response to Mr. Geffard's Motion to Strike. (Doc. 18).

11) On August 29, 2017, Mr. Geffrard and Mr. Moise filed their Answers to the Court's Interrogatories. (Doc. 19 & 20).

12) On September 22, 2017, Mr. Ramos filed his Answers to the Court's Interrogatories. (Doc. 25).

13) In preparation of the settlement conference, (Doc. 11 at ¶ 4), the Parties commenced to talk about resolution.

14) To effectuate early resolution, the Parties agreed to conduct a mediation on September 29, 2017, (Doc. 26), and freely exchange the information necessary to effectuate settlement.

15) As a result of the seven (7) hour mediation, the Parties have been able to resolve the dispute between them and reach a settlement.

16) Plaintiffs and Defendant hereby request approval of the Parties' Settlement. (*See* Composite Exhibit "A").

17) Because Plaintiffs' claims have been compromised and arise under the Fair Labor Standard Act ("FLSA"), the Parties' settlement must be approved by this Court.

18) The parties also request that all pending motions be denied as moot, and that the action be dismissed with prejudice.

## II. Legal Analysis

19) In *Bonetti*, this Honorable Court outlined a procedure for approving FLSA settlements. *See Bonetti v. Embarq Management Company*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). *Bonetti* requires the Parties to advise the Court: (1) that the settlement constitutes a compromise of the plaintiff's FLSA claims; (2) of the terms of the settlement, to include the factors and reasons considered in reaching the same and justifying the compromise of the plaintiff's claims; and (3) that plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff. *Id.* at 1228. If the foregoing is provided to the Court by the Parties and the settlement is patently reasonable, the Court will approve the settlement without a lodestar inquiry. *Id.*[2]

20) The Parties agree that the settlement constitutes a compromise of the Plaintiffs' FLSA overtime claims. *See Bonetti*, 715 F. Supp. 2d at 1228.

21) The range of Plaintiffs' recovery is $0.00 to $14,250.54[3] including liquidated damages. (*See* Docs. 19 at ¶ 7, 20 at ¶ 7, 25 at ¶ 7),

22) Under the settlement agreement, each of the Plaintiffs will receive all overtime wages they claimed to be owed, (*compare* Docs. 19 at ¶ 7, 20 at ¶ 7, 25 at ¶ 7 *with* Settlement agreement at), plus interest. (Settlement Agreement at 2, 3).

23) As such, because the Plaintiffs will be receiving all the overtime wages claimed, the settlement is fair and reasonable. *See Matthews v. DD & G Trucking Inc.*, No.

---

[2] Prior to *Bonetti*, the starting point for Courts in the District to determine the reasonableness of an FLSA settlement pursuant to *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982) was to conduct a lodestar analysis of Plaintiff's attorney fees. *See Bonetti*, 715 F.Supp.2d at 1228.

[3] Plaintiffs' disputed aggregate overtime wage claim is $7,125.25, plus liquidated damages.

6:06-cv-1827-Orl-28KRS (Judge Spaulding's Report and Recommendation at Doc. No. 26; accepted by Judge Antoon at Doc. No. 27), 2007 U.S. Dist. LEXIS 65562 *2 (M.D. Fla. July 24, 2007)("[w]hen, as here, a case is resolved by payment of the full amount of wages allegedly due under the FLSA, the proposed settlement is a fair and reasonable resolution of a bona fide dispute over the FLSA.").

24) It is acknowledged that Plaintiffs have compromised their claims for liquidated damages. The factors considered in this compromise were: (1) there was no evidence that Fusion acted in bad faith;[4] (2) there was no evidence that Fusion knew the overtime hours Plaintiffs' alleged they worked;[5] (3) there was evidence supporting Fusion's good faith defense to liquidated dames;[6] and (4) the Parties disputed the proper method to apply in calculating any overtime owed.[7] The Parties agree that the foregoing justifies the compromise reached in this matter.

---

[4] *See Patterson v. Academy Fire, Protection, Inc.*, Case No.: 3:13-cv-87-99MMH-JBT, 2013 U.S. Dist. LEXIS 182719 *13 (M.D. Fla. Dec. 6, 2013)(Court approved waiver of liquidated damages where there was no evidence of bad faith and Defendant claimed to be unaware of the overtime hours claimed.).

[5] *Id.*; *see also Fletcher v. Universal Tech. Inst., Inc.,* Case No.: 6:05-cv-585-Orl-31DAB, 2006 U.S. Dist. LEXIS 39705 *19 (M.D. Fla. June 15, 2006) ("a plaintiff must show that his employer had knowledge … of his overtime worked.")

[6] *See* Doc. 13 at 7 (Third Affirmative Defense). There was evidence that Fusion had "an honest intention to ascertain what the FLSA requires and to act in accordance with those requirements." *See Feniger v. Café Aroma*, Case No.: 2:05-cv-319-TAW-SPC, 2007 U.S. Dist. LEXIS 18706 *8 (M.D Fla. March 16, 2007).

[7] Under Plaintiffs' method of calculating the alleged overtime owed, (*see e.g.* Docs. 19 at ¶ 7(e), 20 at ¶ 7(e), 25 at ¶ 7(e)), the Plaintiffs were owed in the aggregate $7,125.25 for unpaid overtime. Under Fusion's method of calculating the alleged overtime owed, the Plaintiffs were entitled to $1,892.28 in unpaid overtime or $3,784.56 if liquidated damages were appropriate. As such, under Fusion's method of analysis Plaintiffs have received all

25) To further demonstrate that the settlement is fair and reasonable, the Parties have experienced wage and hour counsel and a well-respected mediator's assistance[8] in reaching the settlement. *See Bonetti*, 715 F.Supp.2d at 1227 ("If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable."); *see also Norris v. Lake Conway Landscaping of Orlando, Inc.*, Case No.: 14-cv-1512-ORL-37KRS, 2015 U.S. Dist. LEXIS 75069 *5 (M.D. Fla. June 10, 2015). Judge Honeywell has stated that "[t]he assistance of an experienced wage and hour class action mediator, James Brown, reinforces that the Settlement Agreement is non-collusive." *Pierre-Val Buccaneers, Ltd. Partnership*, Case No.: 8:14-cv-1182-CEH-EAJ, 2015 U.S. Dist. LEXIS 81518 *4 (M.D. Fla. June 17, 2015).

26) To further demonstrate that the settlement is fair and reasonable, Plaintiffs agree that they have entered into the settlement knowingly and voluntarily and after having the opportunity to fully discuss the issues with their counsel. *See generally King v. Wells Fargo Home Mortg.,* Case No.: 2:08-cv-307-FttM-29SPC, 2009 U.S. Dist. LEXIS 65721, 2009 WL 2370640 *2 (M.D. Fla. July 30, 2009) ("Because the Plaintiff agreed to the settlement figure which was entered into knowingly and voluntarily, after having the opportunity to fully discuss it with an attorney, the Court concludes that the proposed settlement is a fair and reasonable resolution of a bona fide dispute over the FLSA.").

27) To further demonstrate that the settlement is fair and reasonable, the settlement agreement does not contain: (1) a confidentiality clause; (2) a no-rehire clause; or

---

overtime and liquidated damages. The method of calculating Plaintiffs' overtime wages was a contested issue.
[8] *See* Doc. 26.

(3) a non-disparagement clause. *See e.g. Hernandez v. Anderson, et. al*., 2015 U.S. Dist. LEXIS 80614 (M.D. Fla. June 6, 2015)(discussing why confidentiality agreements are not appropriate in FLSA cases); *accord Loven v. Occoquan Group Baldwin Park Corp.*, 2014 U.S. Dist. LEXIS 129464 (M.D. Fla. Sept. 16, 2016)(striking non-disparagement clause in a FLSA case).

28) It is acknowledged that the settlement agreement does contain a general release which is supported by additional consideration for each Plaintiff. Courts approve such releases and clauses under these circumstances. *See e.g., Bonetti v. Embarq Management, Co*., 715 F.Supp.2d 1222, 1228 (M.D. Fla. 2009) (Presnell, J.)(approving FLSA settlement with a general release where supported by an additional consideration); *Middleton v. Sonic Brands L.L.C*., No. 6:13-cv-386-Orl-28KRS, 2013 U.S. Dist. LEXIS 129042, 2013 WL 4854767 *3 (M.D. Fla. Sept. 10, 2013) (approving a settlement agreement providing $100.00 as separate consideration for a general release clause); *Raynon v. RHA/Fern Park Mr., Inc.*, Case No.: 6:14-cv-1112-ORL-37TBS, 2014 U.S. Dist. LEXIS 151728, 2014 WL 5454395 *3 (M.D. Fla. Oct. 27, 2014) (approving a settlement agreement providing $500.00 as separate consideration for a general release clause); *Weldon v. Blackwoods Steakhouse*, Case No.: 6:14-cv-79-Orl-37TBS, 2014 U.S. Dist. LEXIS 123286, 2014 WL 4385593 *1 (M.D. Fla. Sept. 4, 2014); *Camal v. Shelter Mortg, Co., LLC.*, Case No.: 6:13-cv-706-Orl-36KRS, 2013 U.S. Dist. LEXIS 138341, 2013 5421955 *4 (M.D. Fla. Sept. 26, 2013); *Bacorn v. Palmer Auto Body & Glass, LLC.*, Case No.: 6:11-cv-1683-Orl-28KRS, 2012 U.S. Dist. LEXIS 183819, 2012 WL 6803586 (M.D. Fla. Dec. 19, 2012); *Miller v. Escalante-Spanish Wells*, LLC., Case No.: 2:14-cv-739-Ft.M-29CM, 2015 U.S.

Dist. LEXIS (M.D. Fla. Sept. 15, 2015) (Dkt. 27).[9] Furthermore, these clauses were considered separately and negotiated separately. *See Menjiva v. E&L Construction Serv.*, Case No.: 6:14-cv-2057-ORL-31KRS, 2015 U.S. Dist. LEXIS 71151, 2015 WL 3485991 *2 (M.D. Fla. June 2, 2015) (declining to accept a general release in an FLSA case because the parties do not state that the release was negotiated separately). Finally, Plaintiffs worked for the Defendant for a very short period of time and are unaware of any other potential claims.

29) The Parties acknowledge that the Plaintiffs' attorneys' fees were agreed upon separately and without regard to the amount paid to the Plaintiffs. *See Bonetti*, 715 F. Supp. 2d at 1228.

30) Additionally, under the payment plan of the settlement, Plaintiffs' counsel will not be compensated until Plaintiffs receive their unpaid wages and liquidated damages. "Thus, Plaintiffs' attorneys are bearing the brunt of any risk of default." *Holton, et al. v. Triple S Plumbing*, Inc. 3:14-cv-995-BJD-JBT (M.D. Fla. 2016) at 13. This fact further demonstrates that the fees and costs were agreed upon separately and reasonableness. *Id*.

31) If the Court finds any portion of the FLSA Settlement and Release objectionable, the Parties would request the Court invoke the agreement's severability clause and strike the objectionable portion from the agreement. *Monahan v. Rehoboth Hospitality, Inc.,* Case No.: 6:15-cv-1159-Orl-40KRS, 2015 U.S. Dist. LEXIS 169422 *4 (M.D. Fla. Dec. 18, 2015)("Where the FLSA settlement contains a severability provision, the Court would

---

[9] Courts in this District have also approved FLSA settlements without expressing an opinion on the validity of the general release. *Bell v. James C. Hall, et. al.*, Case No.:6:16-cv-218-CEM-TBS, 2016 U.S. Dist. LEXIS 128736 (M.D. Fla. Sept. 21, 2016) (Dkt. 37 at 1, FN. 1)("the release of non-FLSA claims is generally not subject to judicial scrutiny.")(citations and quotations omitted).

simply strike" the objectionable language from the agreement and enforce the remainder of the agreement.).

32) The Parties assert that because: (1) the Plaintiffs are receiving all the overtime wages they are entitled to receive plus interest; (2) they have adequately explained the compromise of Plaintiffs' liquidated damages claim; (3) there is adequate consideration and safe guards for the general release; and (4) the attorney's fees and costs were agreed upon separately and without consideration to the amount being paid to Plaintiffs for damages, the Agreement is fair, reasonable and in their mutual interest.

### III. Conclusion

WHEREFORE, based on the foregoing, and pursuant to *Bonetti*, the Parties respectfully request that this Court approve their Settlement Agreement, deny all pending motions as moot, and dismiss Plaintiffs' claims with prejudice.

Dated this 12th day of October, 2017

Respectfully,

| | |
|---|---|
| */s/ Scott C. Adams* | */s/ Paul F. Penichet* |
| SCOTT C. ADAMS, ESQ. | PAUL F. PENICHET, ESQ. |
| Florida Bar No.: 0573442 | Florida Bar No.: 0899380 |
| sadams@labaradams.com | paul@penichetlaw.com |
| N. RYAN LABAR, ESQ. | ecm@penichetlaw.com |
| Florida Bar No.: 0010535 | PENICHET LAW |
| rlabar@labaradams.com | 9655 S. Dixie Highway, Ste. 310 |
| LARBAR & ADAMS, P.A. | Miami, Florida 33156 |
| 2300 East Concord Street | (305) 373-8809 (telephone) |
| Orlando, Florida 32803 | (305) 373-8810 (facsimile) |
| (407) 835-8968 (telephone) | Attorney for Defendant |
| (407) 835-8969 (facsimile) | |
| Attorneys for Plaintiffs | |